FULMER, Judge.
Rolando Padilla filed this appeal to challenge two concurrent life sentences he received for two convictions of carjacking, each a first-degree felony punishable by a term of imprisonment not exceeding thirty years. See §§ 812.133(2)(b), 775.082(3)(b), Fla. Stat. (2000). During the pendency of this appeal, the trial court entertained a motion to correct sentencing error filed by Padilla pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he asserted as error the life sentences challenged on appeal. One sentence was entered in trial court case number 99-CF-21077 and the other in case number 01-CF-8377. Padilla’s counsel indicated in the rule 3.800(b) motion that he had been appointed “to review case number 01-CF-12545” and that he “did not find any illegal or unlawful sentence in this case number.”
In a written response to the motion to correct sentencing error, the State conceded that Padilla should be resentenced to concurrent terms of thirty years on the carjacking convictions. However, the State also argued that there were sentencing errors in case number 01-CF-12545, notwithstanding the fact that Padilla was seeking no relief as to that case. The State argued that the trial court misspoke during the initial sentencing hearing and made inconsistent statements that caused the imposition of written concurrent sentences of five years on counts two and three when the intention of the court was to impose a sentence of thirty years on count two and life on count three.
The supplemental record of the rule 3.800(b) proceeding contains an amended sentence correcting the sentence on the carjacking count in case number 01-CF-8377 to a term of thirty years. We affirm the amended sentence as to that case. However, there is no amended sentence for the carjacking count in case number 99-CF-21077, which the State conceded should be corrected to thirty years. Therefore, we reverse the life sentence originally imposed on the carjacking count in case number 99-CF-21077 and remand for resentencing.
The supplemental record also contains amended sentences on counts two and three of case number 01-CF-12545 in which the five-year sentences were increased to thirty years and life, respectively, as urged by the State. The trial court erred by amending the sentences on these counts for two reasons. First, Padilla did not seek correction of these sentences in his rule 3.800(b) motion and raised no issues as to the sentences in his briefing. Second, the State did not file a motion to correct these asserted sentencing errors and, in any event, rule 3.800(b) does not authorize the State to file such a motion unless the correction of the sentencing error would benefit the defendant, which these corrections clearly did not. Therefore, we reverse the amended sentences entered in case number 01-CF-12545 and remand for the trial court to reinstate the five-year sentences originally imposed.
Affirmed in part, reversed in part, and remanded for resentencing with directions.
SILBERMAN, J., and GREEN, OLIVER L., Senior Judge, Concur.